UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
DASEAN PLAYER,

                    Plaintiff,

                                        ORDER
        -against-                       21-CV-5613(JS)(JMW)

TIMOTHY D. SINI, Suffolk County
District Attorney,

                    Defendant.
---------------------------------X
APPEARANCES
For Plaintiff:       Dasean Player, pro se
                     559822
                     Yaphank Correctional Facility
                     110 Center Drive
                     Riverhead, New York 11901[1]

For Defendant:       No Appearance.

SEYBERT, District Judge:

        On or around October 4, 2021, pro se plaintiff Dasean

Player ("Plaintiff") commenced this action while incarcerated by

filing an unsigned Complaint pursuant to 42 U.S.C. § 1983 ("Section

1983") along with an application to proceed in forma pauperis

("IFP") and a Prisoner Authorization form pursuant to the Prison

Litigation Reform Act ("PLRA").  (Compl., ECF No. 1; IFP App., ECF

No. 2; PLRA Form, ECF No. 3.)  By Notice of Deficiency dated

---

[1] Plaintiff has another case in this Court, 21-CV-3552, wherein he
has just filed a Notice of Change of Address to 143 N. 26th Street,
Wyandanch, New York 11798.  (See ECF No. 9.)  Given that Plaintiff
reports that he has been discharged from the Yaphank Correctional
Facility, the Clerk of the Court is respectfully requested to
update his address on this case.

October 5, 2021, the Court instructed Plaintiff to sign the enclosed copy of his Complaint and to return it within fourteen (14) days.  (See ECF No. 4.)  Plaintiff timely filed a signed Amended Complaint, which restated without modification Plaintiff's substantive allegations, as summarized below.  (See ECF No. 8.)

For the reasons that follow, Plaintiff's IFP application is GRANTED; however, his Complaint is DISMISSED.

<u>BACKGROUND</u>

Plaintiff, using the Court's form complaint for Civil Rights actions under Section 1983, seeks the dismissal of state criminal charges against him by Suffolk County District Attorney Timothy D. Sini ("DA Sini"), the sole defendant in this case.[2] (See generally Compl.)  In addition, Plaintiff seeks to recover a damages award in the sum of $20 million.  (Id. ¶ III.)   In its entirety, the sparse Complaint alleges[3]:

> Timothy Sini knows and has the authority to dismiss the criminal charges against the Plaintiff after Plaintiff submitted to a DNA that exonerated him as being the driver of a car chase and crash.  Timothy Sini having this knowledge via DNA testing see Exhibit A.  Still refuses to release defendant thus violated Plaintiffs 6th and 14th Amendments.

---

[2] According to the information maintained by the New York State Unified Court System on its public database, Plaintiff is being prosecuted in the Suffolk County First District Court under Case No: CR-028720-20SU on petit larceny charges pursuant to New York Penal Law § 155.25.

[3] Excerpts from the Complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

Compl. ¶ II.[4]  As for a description of his injuries and medical treatment needed and/or received, Plaintiff alleges that:

> I am suffering mental and physical anguish.  I received serious injuries due to the accident and suffers severally due to the lack of physical therapy.

(Id. ¶ II.A.)

DISCUSSION

I.  Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's IFP application is GRANTED.

II.  Analysis

A.  Consideration of the Complaint Under 28 U.S.C. § 1915

Section 1915 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii); 1915A(b).  An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists

---

[4] Although Plaintiff references "Exhibit A" in the Complaint, no exhibits were received by the Court with his submission.

on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).  The Court is required to dismiss the action as soon as it makes such a determination.  See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obligated to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).   "But the 'special solicitude' in pro se cases, has its limits -- to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief." Wynn v. Regus Mgmt. Grp. LLC, No. 21-CV-3503, 2021 WL 2018967, at *1 (S.D.N.Y. May 17, 2021) (quoting Triestman, 470 F.3d at 475).

B.   Abstention

In Younger v. Harris, the Supreme Court concluded that although federal courts have the power to enjoin state criminal proceedings "when absolutely necessary for protection of constitutional rights . . . this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." 401 U.S. 37, 45 (1971).  In Sprint

4

Communications, Inc. v. Jacobs, 571 U.S. 69 (2013), the Supreme

Court clarified that Younger abstention is required in one of three

types of state court proceedings:

> First, Younger preclude[s] federal intrusion into
> ongoing state criminal prosecutions. Second, certain
> civil enforcement proceedings warrant Younger
> abstention. Finally, federal courts should refrain from
> interfering with pending civil proceedings involving
> certain orders uniquely in furtherance of the state
> courts' ability to perform their judicial functions.

571 U.S. at 78 (internal quotation marks and citations omitted);

see also Lowell v. Vermont Dep't of Children & Families, No. 19-

CV-3987, 2020 WL 7038598, at *1 (2d Cir. Dec. 1, 2020) (affirming

district court's application of Younger abstention).

Here, insofar as Plaintiff seeks to have this Court

intervene in the on-going state court criminal proceedings against

him, this Court must abstain.  Dismissing the charges as sought by

Plaintiff would surely constitute "federal intrusion into ongoing

state criminal proceedings."  Sprint Commc'ns, 571 U.S. at 70.

Moreover, Plaintiff fails to allege any facts that would bring his

case within any exception to the general requirement that the

federal court abstain from intervening in, or enjoining, pending

state criminal proceedings.  Accordingly, the Court ABSTAINS from

adjudicating Plaintiff's constitutional claims seeking injunctive

relief regarding his pending criminal case.  However, because

Plaintiff also seeks a monetary damages award, the Court next

addresses such claims.

C.    Section 1983

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States."   Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted).  Insofar as Plaintiff seeks monetary damages pursuant to Section 1983, the Court finds that his claims are implausible for the reasons that follow.

1. Malicious Prosecution

Affording the pro se Complaint a liberal construction, it appears that Plaintiff alleges a malicious prosecution claim against DA Sini.  To state a claim for malicious prosecution, a plaintiff must allege that criminal proceedings were initiated or continued against him, with malice and without probable cause, and were terminated in his favor.  See Mitchell v. City of New York,

6

841 F.3d 72, 79 (2d Cir. 2016); see also Lanning v. City of Glens
Falls, 908 F.3d 19, 22 (2d Cir. 2018) (plaintiff must allege facts
suggesting "that the underlying criminal proceeding ended in a
manner that affirmatively indicates his innocence").  "Claims of
malicious    prosecution    accrue    when    the    relevant    criminal
proceedings terminate in a plaintiff's favor."  Lesane v. Doe 1,
No. 21-CV-4746, 2021 WL 3173056, at *3-5 (S.D.N.Y. July 26, 2021)
(citing Bumbury v. City of New York, 62 A.D. 3d 621 (N.Y. App.
Div. 1st Dep't 2009)).

        Here, Plaintiff fails to allege facts that reasonably
suggest a plausible malicious prosecution claim.  Given the on-
going criminal prosecution, Plaintiff has not -- and cannot at
this juncture -- allege that the proceedings ended in a manner
that affirmatively indicates Plaintiff's innocence.  Indeed, a
conviction would be fatal to his malicious prosecution claim,
because the proceedings would not terminate in his favor.  Thus,
as is readily apparent, Plaintiff's malicious prosecution claim is
premature, at best.  Given that this claim is implausible at this
time, it is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§
1915(e)(2)(B), 1915A(b).

        D.    Immunity

            1.    Prosecutorial Immunity

        It is well established that prosecutors are absolutely
immune from civil suits for acts committed within the scope of

7

their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013).  The actions for which a prosecutor is entitled to absolute immunity "include deciding whether to bring charges and presenting a case to a grand jury or a court." Simon, 727 F.3d at 171; Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005).

Here, Plaintiff challenges DA Sini's decision to charge him as the driver of the vehicle and alleges that, although DA Sini knows that DNA testing "exonerated [Plaintiff] as being the driver," he "still refuses to release Defendant." (Compl. ¶ II.) The decision to bring charges and to pursue such charges are squarely within the scope of the judicial phase of the criminal process for which DA Sini is absolutely immune from suit. Accordingly, even if Plaintiff had alleged a plausible malicious prosecution claim (see infra at 6-7), DA Sini is shielded from suit by absolute prosecutorial immunity.  Accordingly, this claim is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(2).

2.   The Eleventh Amendment

Because Plaintiff seeks to recover a monetary award against the Defendant in his official capacity, this claim is also implausible because he is immune from suit under the Eleventh

8

Amendment.  Papasan v. Allain, 478 U.S. 265, 276 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984).

The Eleventh Amendment bars suits brought by a state's own citizens in federal court.  Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006).  The "Eleventh Amendment . . . bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities." Darcy v. Lippman, 356 F. App'x 434, 436-37 (2d Cir. 2009); Torres v. Spota, No. 19-CV-00296, 2019 WL 3035522, at *3 n.4 (E.D.N.Y. July 10, 2019) (citing Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) (when a district attorney decides whether to prosecute, he or she is representing the State not the county and is, thus, entitled to invoke Eleventh Amendment immunity)).

Here, because Plaintiff's claim for damages against a state employee sued in his official capacity is barred by the Eleventh Amendment, Kentucky v. Graham, 473 U.S. 159, 165-67, and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment), it is thus DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(b); 1915A(b).[5]

---

[5] The Court notes that Plaintiff's Section 1983 claim against DA Sini in his official capacity must be dismissed for the additional reason that "[n]either a state nor . . . an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

III. <u>Leave to Amend</u>

Given the Second Circuit's guidance that a <u>pro se</u> complaint should not be dismissed without leave to amend unless amendment would be futile, <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here.  Notably, Plaintiff has another action in this Court, 21-CV-3552, with similar claims against different defendants arising from the same events.  Because the defects in Plaintiff's claims against DA Sini are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP application (ECF No. 2) is GRANTED; and

**IT IS FURTHER ORDERED** that Plaintiff's Section 1983 claims against DA Sini are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A; and

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal.  <u>See Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall: (1) ENTER JUDGMENT and mark this case CLOSED; and (2) mail a copy

10

of the Order to the <u>pro se</u> Plaintiff at the residential address set forth in Footnote 1.

                              SO ORDERED.


                              /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.

Dated:  November _1_, 2021
        Central Islip, New York